ALBANY,<br>Jan. 1835.<br><br>Huffman<br>v.<br>Hulbert.

---

## HUFFMAN vs. HULBERT.

A request by a *surety*, that the *creditor* sued the *principal*,is unavailing as a defence, unless it be shown that the principal, at the time of the request,was *solvent*,and subsequently became *insolvent ;* and in proof of the solvency at the time of the request to sue, it must satisfactorily appear that the debt was then collectable by due course of law *out of the property* of the principal, and not merely that if hard pressed the principal might have paid, had he chosen to do so.

THIS was an action of *assumpsit,* tried at the Cayuga circuit in April, 1833, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The suit was brought on a *joint* and *several* note for $200 given to the plaintiff, bearing date 26th January, 1829, payable on demand, signed by John W. Hulbert as *principal,* and by John P. Hulbert the defendant, and Lewis Warren, as *sureties.* The defendant offered substantially the same evidence as in the last case, to show an agreement between the plaintiff and the *principal* for an extension of the time of payment. He also proved *a request to sue the principal,*made by one of the sureties, and the neglect of the plaintiff to comply therewith during the lifetime of the principal, who died in October, 1831. There was much evidence upon the question of the *solvency* of the principal previous to his death; the opinions of witnesses being very diverse, and the weight of the evidence most favorable to the defence being, that if the *principal* had been *hard pressed,* the debt in question might have been collected.   One witness, however, stated unequivocally, that if by *insolvency* was to be understood the *inability of a debtor to pay his debts out of his own property,* the principal was

ALBANY,
Jan. 1835.

Huffman
v.
Hulbert.

insolvent from the time of the giving of the note until his death. The judge submitted to the jury to say whether, from the evidence adduced, an agreement to extend the time of payment, founded upon a valid consideration, had been proved; and instructed them, if they should find that such an agreement had been entered into, that the defendant was entitled to their virdict. He further instructed them that if they should find that the plaintiff had been requested by either of the *sureties* to the note, to prosecute the *principal,* and that the principal, at the time of such request was *solvent,* and had subsequently become *insolvent,* that then also the defendant was entitled to their verdict; but he further instructed them that the *solvency* of a party meant his ability to pay his debts from his own means, and that the borrowing by a debtor from one man to pay another, when hard pressed, was no evidence of solvency. The jury found a verdict for the plaintiff, which the defendant moves to set aside.

*M. T. Reynolds,* for the defendant.

*A. Taber,* for the plaintiff.

*By the Court,* NELSON, J. I perceive no objection to the charge of the circuit judge. *Solvency,* in the sense in which it is used, as applicable to the principle of law referred to by the judge, means something more than an ability to pay at the option of the debtor; it means that the debtor is in such a condition that the demand may be collected out of his property by due course of law. Any thing short of this would destroy the justice, and consequently the soundness of the rule which is founded upon the assumption that the debt is clearly collectable by suit. It is upon this ground only it can be defended. As the *surety* has the right to take up the note, and prosecute for hi own benefit, he should be required to bring himself strictly and fully within the principle. If *insolvency* means the inability of a man, from resources belonging to him and within his control, to pay his debts, and which is its literal interpretation, then the evidence was abundant to show that the principal was insolvent at the time the *request to sue* was made. *Ability* to raise money upon credit for the pay-

ment of debts, and *solvency* within the meaning of this rule, are very different things.

The question of extension of time of payment, by a valid and binding agreement, was fairly submitted to the jury, and their verdict is conclusive, upon the facts of the case.