WILLIAM GAMAGE *versus* MOSES HUTCHINS, JR.

Where at the time when a note, payable on demand, was indorsed and guarantied, the maker was solvent, and so continued for two years thereafter, during which time and until the maker had failed, the holder made no attempt to collect it, and gave no notice to the guarantor, the latter is discharged.

If the guarantor of a note is discharged by the negligence of the holder, in order to render the guarantor liable notwithstanding, an acknowledgment of liability, or promise of payment, must be made with a full knowledge of the want of due diligence on the part of the holder ; and such fact must be proved by the plaintiff, if he would avoid the effect of his laches.

ASSUMPSIT against Hutchins as guarantor of a note of which a copy follows.— " Portland, June 2, 1836. Value received I promise to pay Moses Hutchins, Jr. or order one hundred and fifteen dollars on demand and interest. Wm. Rice." .

On the back of the note were these words, subscribed by Hutchins, without date. " For value received I guarantee the payment of the within note to W. Gamage.

" Moses Hutchins, Jr."

The action was commenced Dec. 30, 1841.

The action was opened for trial, when the defendant contended, that the plaintiff was not entitled to prevail without first showing a seasonable demand of Rice and notice to the defendant of non-payment. The Judge ruled, that no demand or notice was necessary.

Witnesses were examined and depositions read, when the parties agreed to take the case from the jury, and turn it into a statement of facts; and thereupon that the Court should render such judgment as should be proper and legal. The view of the evidence taken by the Court appears in the opinion.

_Hammons_, for the plaintiff.

The note, when sold by the defendant, was due, being on demand, and in order to charge the party it was not necessary to take any measures whatever; the liability was fixed, and the guaranty was absolute, and unconditional in its terms.    _Cobb_ v. _Little_, 2 Greenl. 261; 2 Johns. Cas. 409; 7 Conn. R. 523; _Read_ v. _Cutts_, 7 Greenl. 186; 8 Wend. 403; 12 East. 227; 8 Pick. 423; 20 Maine R. 28; 4 Greenl. 521.

But if demand and notice were necessary, the proof is, that these were done.

It is a well settled principle, that where demand and notice are necessary, and have been omitted, and the indorser or guarantor with a knowledge of the facts promise to pay the debt, he is bound by such promise.    7 East, 231; 12 Mass. R. 52; 7 Conn. R. 523; 2 Campb. 188; 3 Johns. R. 68.

Mere delay in proceeding against the principal will not discharge a surety or guarantor.    2 Pick. 581; 1 Holt's R. 87; 5 Greenl. 130; 3 Mason, 446; 5 Wend. 501; 10 Pick. 129; 11 Pick. 156.

_G. F. Shepley_, for the defendant.

The engagement of a guarantor is but a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of some other person first liable. Fell on Guaranty, 1; 3 Kent, 121.

The holder of the note, as a general rule, should take the usual legal steps to secure the debt from the principal, before he can call on the guarantor.    The holder should make use of reasonable diligence to obtain payment of the principal, and if he fails, give notice to the guarantor of the failure.    8 East, 242; 2 Taunt. 206; _Oxford Bank_ v. _Haynes_, 8 Pick. 423; 9 Sergt. & R. 202; Chitty on Bills, (8th Am. Ed.) 474; 2

Gill & John. 302; 6 Conn. R. 81 ; *Loveland* v. *Shepard*, 2 Hill, 139. The exception to this rule is, where the debt was due and payable before the guaranty was entered into, as stated in *Read* v. *Cutts*, 7 Greenl. 186; and is in fact an absolute, and not a collateral guaranty. The plaintiff must show, that the guaranty was made after the parties were all previously fixed.

The facts show no waiver of any rights, and certainly none when the defendant had knowledge of the true state of the case. It is answer enough that the plaintiff admitted after all this, that the defendant was not liable. The principal remained able to pay for more than two years, and afterwards failed, and then, and not before, was the defendant called upon. If the defendant is liable, the condition of a guarantor is quite as onerous, as that of a surety.

The opinion of the Court was drawn up by

WHITMAN C. J. — The note in suit was made by one Rice, and indorsed to the plaintiff, with a guaranty, that the note should be paid to the plaintiff. The note was payable on demand. At the time of the indorsement and guaranty Rice was solvent ; and so continued for about two years thereafter, during which time it does not appear that the plaintiff made any effort to collect the note. Such negligence, should ordinarily exonerate the guarantor from liability. *Oxford Bank* v. *Haynes*, 8 Pick. 423 ; *Talbot* v. *Gay* 18 *ib.* 534; Story on Bills of Exc. 344 and note.

But it is insisted, on the part of the plaintiff, that the defendant has waived this ground of defence, by acknowledging his liability, and promising to pay the amount due, if Rice did not. And he contends that this case is similar in principle to the case of a simple indorser of a promissory note of hand, when demand of payment and notice of default, has not been given and still the indorser acknowledges himself holden to pay it. In this case it does seem to have been proved, that the guarantor, the defendant, at two different times recognized his liability to pay the amount due in case Rice should

Gamage *v.* Hutchins.

not; and we are not disposed to question the similitude in this respect, between that of a guarantor, and that of an indorser simply. But it should distinctly appear, that the recognition was made, after laches of the holder had taken place, in the case of a simple indorsement; and, in the case of a guarantor, after the holder had unreasonably delayed to enforce payment, until the promisor had become insolvent. In the present instance, however, we are unable to ascertain, from the case as presented in the copies furnished, whether the acknowledgments relied upon were made before or after Rice had failed. By one witness it is stated, that what he heard, was in June or July, four years ago; and by the other, that the conversation he heard was about three years ago; and it does not appear in the copies furnished, whether these acknowledgments took place before or after Rice failed; the times of taking the testimony not being stated.

We however, do not deem it material to ascertain when they were made. It must be considered as undeniable, that, to render an indorser or guarantor liable in either of such cases, any acknowledgment of liability, or promise of payment, must, in order to be effectual, be made with a full knowledge of the want of due diligence on the part of the holder; and such fact must be proved by the plaintiff, if he would avoid the effect of his laches. In the case here it does not appear, that the defendant, when he made the admissions relied upon, had any knowledge that Rice had remained solvent for *two* years after the giving of the guaranty, and had then failed, if such fact had then taken place; and if it had not then taken place, the acknowledgments proved were nothing more than a recognition of the liability, originally created, as still existing, without any such concession.

Under such circumstances, we can have no doubt, that the plaintiff should become nonsuit.