WILSON v. JENKINS, sheriff of Kings county.

*Actions against sheriffs are local as to the place of trial, only when they are founded on some affirmative act of theirs. When the actions are for neglect of duty, for omission to act, they are transitory.*

THIS was an action on the case — the declaration containing two counts: first, for a false return; second, for neglecting to levy and return an execution.

The venue was laid in New York, and on the trial it was proved that the defendant in the execution had property enough to satisfy the debt in the county of Kings, which was pointed out to him, but which he neglected to levy on. The plaintiff introduced the defendant in the execution as a witness, and before he was sworn delivered him a release from the judgment.

The defendant moved for a nonsuit — first, because the action was local; and, second, because the plaintiff, having released his debtor, had sustained no loss by the sheriff's neglect.

A verdict was taken for the plaintiff, subject to the opinion of the court.

*O. H. Platt*, for plaintiff, now moved for judgment, and cited 2 R. S. 353; *Pardee* v. *Robinson* (6 Hill, 550); *Elliott* v. *Cronk* (13 Wend. 35); *Van Winkle* v. *Udall* (1 Hill, 559); *Corning* v. *Southland* (3 id. 552); *Fairchild* v. *Case* (24 Wend. 383).

*N. T. Waring, contra:* (2 R. S. 330; *Seeley* v. *Birdsall*, 15 J. R. 267).

*The Circuit Judge:* It seems to be well settled that an action against a sheriff for neglect of duty is not local. The case of *Seeley* v. *Birdsall* (15 J. R. 267), was for a false return, for an affirmative act done by him, and was clearly within the statute. But the foundation of this action is an omission to do, and it is difficult to conceive how that can be regarded as coming within the statute which is confined by its terms to "any act done by such officer or person by virtue of his office." (2 R. S. 353, § 28.)

The Supreme Court have, however, definitely settled the question. In *Elliott* v. *Cronk* (13 Wend. 35), SUTHERLAND, J., holds that the statute does not apply to an action against a sheriff for not paying over money collected, and says, it applies to official affirmative acts of public officers. In *Hopkins* v. *Haywood* (Ibid, 265), the court declare that they have held the statute to be applicable only to affirmative acts, and not to mere omissions to discharge an official duty.

And in *Fairchild* v. *Case* (24 Wend. 383), they again decide that the statute is in terms confined to acts done by officers *virtute officii*, and does not extend to mere nonfeasance, such as a negligent escape.

The gist of this action, that is, as contained in the second count, and sustained by the evidence, is nonfeasance, and, under these cases, the venue is transitory, and the refusal at the circuit to discharge the jury was correct.

The other point made for the defendant is readily disposed of, by considering what the issue is which is sent down to be tried, namely, whether at the time that this action was brought, the defendant's liability existed? It surely did, if it ever existed at all, and if it was ever afterward discharged, it is not on this state of pleadings that that discharge can be taken advantage of.

There must be judgment for the plaintiff.