IYiibeTjER, J.
It is insisted for the plaintiff in error that Hubbell was but a surety upon the note, and that the plaintiff was guilty of such laches in obtaining service ou his principal, Cook, as to discharge the surety.
Judge Story, in his Commentaries on the Law of Promissory Notes, &c., says: “In some cases it is a matter of considerable nicety to decide in wliat cliarac-“ter a party stands upon a promissory note in virtue of his indorsement there- “ of. ll is plain that if lie is the payee of the note, whether negotiable or not, “ lie is to be deemed a guarantor of the note upon the footing'of the original “ considera! ion, and if he indorses it subsequently, not being a regular indorsee “from or under any of the antecedent parties, lié will, in like manner, still be “ deemed a guarantor if (.here be a sufficient consideration for his indorsement, “but not otherwise.” (Story’s Com. on Prom. Notes, sec. 133.)
Again, all or having treat,oil of the cases where there was a written memorandum indorsed upon the note, either at the time when it was made or after-wards, and who.ro the only question of course was, what was the true construction of the written memorandum as to the parties iu interest-, the learned commentator adds: “ But cases have occurred of a very different nature where “the party sought to be charged lias indorsed his name in blank thereon.
‘ ‘ Those cases 1 lave been either (1) where the note was not negotiable, or (2) where “it was negotiable. In the formen- class of cases it has been held, that if the “blank indorsement was made at the same time as the note itself the indorser “ ought to be held liable as an original promissor or maker of the note, and that “(lie payee is at liberty to write over the blank signature, ‘for value received “I undertake to pay the money within mentioned to B,’ the payee.” (Id., sec. 473.)
In Moies v. Bird, (11 Mass., 433, 440,) in treating of the effect of such an in-dorsement, Ciiief Justice Parker said : “But this note was not made payable “ to the defendant, and therefore was not negotiable by liis indorsement. “IViiat, then, was the effect of his signature? It was to make him absolutely liable to pay the contents of the note. If he had been asked after “the note became due to guarantee its payment, and such had been the under- “ standing when he gave his name, it might have been necessary to declare “against iiim as guarantor, instead of charging him as original promissor; but “ no such agreement is proved; he puts his name upon a note payable to “another in consequence of a purchase made by his brother in a day or two “after the bargain was made, knowing that he could uot be considered in tlie “light of a common indorser, and that lie, was entitled to none of tlie privi-“legos of that character. lie leaves it to the holder of tlie note to write anything over his name which might be. considered not to he inconsistent with “ the nature of the transaction. 'The holder chooses to consider him as a surety, *310 “binding himself originally with the principal, and we think he has a right so “to do. If he was a surety, then he may bo sued as original promissor.”
Tile authorities are numerous to the effect that where a person not the payee of a note signs his name upon the back at the time of its inception, without any words to express the nature of his undertaking, he is liable as ail original promissor or surety. (8 Pick. R., 122; 4 Id., 311; 24 Id., 64; 9 Mass. R., 314; 5 Washb., 355; 1 La. Ann. R., 248, 274; 16 Ohio R., 1; 1 Hill R., 256; 5 Sm. & Marsh., 627; 9 Ham. R., 139.) And if the indorsement is without date, it is presumed to have been made at the time of the inception of the note. (17 Shep., 310; 7 Miss. R., 440.) But it is competent for the person so signing to show by oral or other evidence the real obligation intended to be assumed at the time of signing.
It appears from the face of the note sued on and from oral evidence at the trial the consideration passed to Cook, and consequently the obligation of Hubbell was that of guarantor or surety. In Louisiana it is held, that where one thus puts his name on the back of a note it will be presumed that he intended to bind himself as a surety for its payment: (1 La. Ann. It., 248, 284.) It seems perfectly clear that the undertaking of Hubbell was that of guarantor or surety. And it is a general principle of" the law that a person signing a note as guarantor at the time the note is executed by the principal is liable as an original maker, and may be sued thereon either alone or jointly with the maker. (10 Ohio It., 1.) “Where the guaranty or promise, though “ collateral to the principal contract, is made at the same time witli the principal contract and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends to and sustains the promise of the principal debtor and also “of the guarantor. Ho other consideration need be shown than (hat for the “original agreement, upon which the whole debt rested, and that may be shown “by"parol proof as not being within the statute.” (Burge on Suretyship, 30.)
As respects the liability of the guarantor to suit, our statute (Hart. Dig'., art. 670) so far restricts iiis liability as to require that the principal shall have been first or shall bo simultaneously sued. A guarantor or surety, however, may he sued jointly with his principal. Regarding Hubbell, then, in the light of a surety, has the plaintiff been guilty of laches," in proceeding against the principal, of a character to discharge the surety? We think not. His principal was joined with him in the suit brought to the first term of the court after the maturity of filie note. A citation was issued, but the plaintiff failed to obtain service upon Cook. Various unsuccessful attempts were afterwards ma.de, by citations issued to the county of Galveston, and afterwards to the. county of Calhoun, to obtain service on him. He is alleged to have removed from Galveston- after the. bringing of the suit. The efforts to obtain service there were ineffectual, and one or more ineffectual attempts were made in Calhoun"county before service was obtained. Under the circumstances, that there may have been periods of from term to term, during which no citation issued, can scarcely be imputed to the plaintiff' as laches; certainly not such as to exonerate the surety from his obligation. The residence of the defendant, Cook, or where process would reach him, may not have been known to the plaintiff. If the surety would complain of the negligence of the plaintiff in proceeding against the principal, lie should at least have shown that there had been such "delay as, under 1 lie circumstances, was unreasonable and to his prejudice. The surety may place himself in a condition to quicken the diligence of the creditor, or to take, his remedy against the principal at once. But the mere forbearance of the creditor wiil not discharge him. Merc delay, without fraud or agreement with the, principal, does not discharge the surety. (1 Gallis. R., 32; 2 Pick. R., 581; 4 Shep. R., 72; 4 Yerg. R., 182; Chit. on Cout., 531.) A creditor is not hound to active diligence against the principal in order to preserve the liability of the surety. If lie merely remain passive the liability of the surety is unimpaired. (4 S; & M. R., 105.) If the surety in this case had urged the creditor to diligence against the principal, and had forwarded his efforts to ob *311 tain service and jnclgment against him, he might with more reason he heard now to complain of the want of diligence on the part of the creditor. But instead of that, as soon as legally apprised of the institution of suit by the service of process upon him, lie sought to dismiss it as to both himself and the principal; and he appears throughout to have interposed every obstacle in his power to the enforcing of the demand against (he principal. Under the circumstances it cannot be pretended that there has been laches on the part of the plaintiff of which the surety can complain, of a character to release him from his liability, and the court did not err in refusing to dismiss the ease on his motion.
Note ill. — Carr v. Rowland, 14 T., 275; Chandler v. Westfall, 20 T., 476; Harrison v. Sheirburn, 86 T., 73; Horton v. Manning, 37 T., 23.
Tlié plea in abatement of the writ came too late after exceptions to the petition, and was rightly rejected.
Absence of witnesses merely, there having been no surprise of the party by the evidence adduced against‘him at the trial, was not a good cause for a new trial. It should have been made the ground of an application for a continuance. But tlie defendants did not apply for a continuance, nor have they shown any excuse for not having done so. Their application, therefore, was rightly refused. We are of opinion that there is no error in the judgment, and tliat it be affirmed.
Judgment affirmed.