## H. B. CARR'S EX'IX V. J. S. ROWLAND, EX'OR.

Where a person, not the payee of a note, signs his name upon the back of it, at the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promiser or surety, and not as an endorser merely.

Where a person, not the payee of a note, signs his name upon the back of it, without date, it is presumed, in the absence of proof, to have been done at the time of the inception of the note.

A guarantor or surety, on a promissory note, as distinguished from an endorser, is not entitled to require that suit should be brought against the maker, to the first Term of the Court after the maturity of the note.

Mere forbearance to sue the principal or mere delay, without fraud or agreement with the principal, does not discharge the surety (who is not the endorser of a note or drawer of an accepted bill.)

See this case as to admissions in pleading.

An executor or administrator cannot object in the Supreme Court, that his estate is not bound by his admissions contained in the pleadings.

Appeal from Titus. Suit by appellee against the appellant and others on a .promissory note, as follows :

On or before the first day of June, A. D. 1853, I promise to pay Gibson Myers and Jesse P. Hale, one thousand dollars, for value received. Given under my hand this 20th day of June, A. D. 1851. WILLIAM SPICER.

Endorsed by Gibson Myers and H. B. Carr.

The suit was commenced on the 13th of October, 1853. The petition contained a copy of the note and endorsements, and alleged that Hale had transferred all his interest in said note, for a valuable consideration, to the plaintiff, by delivery without endorsement.

Defendant filed several defences, among which were a demurrer, on the ground that the plaintiff had not shown himself to be the owner of the note ; plea that suit had not been brought to the first Term of the Court; general denial ; amended answer, pleading " that said endorsement was made

" by said testator without consideration and for the accommo-
" dation of said plaintiff's testatrix, in this, that one T. L.
" Burns was indebted to plaintiff's testatrix, and to pay the
" debt so due and owing, Burns obtained the note here sued
" upon from Myers and the payees, and at the special instance
" and request of plaintiff's testatrix, the said H. B. Carr en-
" dorsed said note without any consideration being received or
" had for the same, and for the accommodation of the said
" plaintiff."

When the note was offered in evidence, the defendant ob-
jected to it, on the ground that " it did not show that it was
ever transferred by Jesse P. Hale, one of the payees." The
objection was overruled, and the defendant excepted.

The only evidence introduced by the plaintiff was the note
and indorsements thereon ; the authentication and rejection of
it ; and evidence to account for the plaintiff's failure to sue at
the first Term. Defendant introduced a good deal of evidence
to show that suit might have been brought to the first Term,
if diligence had been used.

The charge of the Court made the case turn on the question
whether good cause had been shown why suit was not brought
to the first Term of the Court, after the note fell due.

*S. F. Mosely*, for appellant.

*T. J. & J. H. Rogers*, for appellee.

WHEELER, J. The indorsement of the note by the appel-
lant's testator, was not in the character of an ordinary indorser
or assignor. It was in that of a guarantor or surety. He was
not a payee, transferring the note by his indorsement. He
put his name upon the back of the note, which was payable to
others, who transferred it to the plaintiff. He, therefore, is
not to be considered in the light of a common indorser, and
was entitled to none of the privileges of that character.
(Moies v. Bird, 11 Mass. R. 436, 440.)

In  the  case  of  Cook v. Southwick,  (9 Tex. R. 615,)  it  was held  that  where  a  person, not  the  payee  of  a note, signs  his name  upon  the  back  of  it,  at the  time  of  its inception, without any words  to  express  the nature  of his  undertaking, he is liable as an original  promiser or surety.    And if  the indorsement  is without date, (as in this case,) it is presumed, in the absence of proof,  to have  been  made at  the  time  of  the  inception  of the note.    It is clear, that the undertaking of the appellant's testator,  therefore, was that of  guarantor or surety.    In that character,  he was  not entitled,  under  the  Law  Merchant, to protest and notice ;  nor,  under the Statute,  to require that  suit should be  brought against  the maker,  to  the  first Term  of  the  Court after the maturity of the note.    Occupying  upon the paper  the character of surety,  he was  entitled to all  the privileges of that character.    He could require that the principal be first or simultaneously  sued.    But mere forbearance  to sue  the principal, or mere delay, without fraud or agreement with  the principal, does not discharge  the surety.    (Id. 620.)    The mere  failure of  the plaintiff  to  sue the principal  by the  first  Term  of the Court after the maturity of the note, therefore, did not operate a  discharge of  the liability of  the appellant's  testator.    And the  charge  and  rulings  of  the  Court,  upon that subject, are, therefore, immaterial.

The objection  to the admissibility of the note in evidence, is answered by the fact, that it conformed strictly to the description  of it  in the  petition.    And  the  objection  to the  insufficiency  of  the  evidence, to  show  an  equitable ownership, and right  to sue in  the  plaintiff,  is obviated  by the  admissions of the answer of  the defendant ;  in  which  it  is averred that  the note was  obtained by the  plaintiff's testator  in payment of a debt.    The latter, it thus appears, gave  a  valuable consideration, whereby she  became the  equitable  owner, and  entitled to maintain the action, upon the principle of repeated decisions of  this  Court, in  which  it  has  been  held, that the  person  in whom is  either the  legal or equitable  title, may maintain the action in his own name.

It is objected that the defendant, in her representative capacity, could not bind the estate by her admissions in pleading. It does not admit of question, that it was competent for the defendant to make admissions, which would dispense with proof of the plaintiff's title. The right to sue, and the liability to be sued, the right to litigate in a representative character, necessarily implies the right to bind the estate, generally, and in the absence of fraud, in the same manner and to the same extent, in conducting the prosecution or defence of a suit, as other litigants may bind themselves. Otherwise the judgments of Courts, in cases where executors and administrators are parties, would be of no validity or binding force, whether rendered for or against estates. The same rules must apply, in general, to the pleadings of persons litigating in a representative character, as to those litigating in their own right. This results, necessarily, from the right thus to litigate. There is no error in the judgment, and it is affirmed.

Judgment affirmed.