THOMAS WATSON v. JAMES W. FLANAGAN.

The partial or total failure of consideration, or even fraud between the antecedent parties, will be no defence to a bill in the hands of a *bona fide* holder, for a valuable consideration, at or before it becomes due, without notice of any infirmity therein. The same rule will apply, although the present holder has such notice, if he derived a title to the bill, from a prior *bona fide* holder for value.

It seems that proof of fraud or failure of consideration does not cast upon the holder of a bill the burden of proving that he obtained it before maturity, but that the burden of proving that he obtained it after maturity rests also upon the maker.

Error from Rusk. The plaintiff brought suit upon a promissory note, made by the defendant in error, payable to Lee, and by him transferred to Hill before maturity ; who transferred it to the plaintiff after its maturity. The defence was a partial failure of consideration. The Court instructed the jury " that if the note was transferred by Hill to the plaintiff " after it fell due, and with a knowledge of the defence in- " tended to be set up by Flanagan against the note, then they " would be authorized to find for the defendant," to which the plaintiff excepted. There was a verdict and judgment for the defendant.

*Armstrong* and *M. D. Rogers*, for plaintiff in error.

*S. P. Hollingsworth*, for defendant in error.

WHEELER, J. It is a general rule, that the total or partial failure of consideration may be insisted upon as a defence, between any of the immediate or original parties to the contract. If the holder has notice when he purchases the note, that it is void in the hands of the party from whom he purchases it, either from fraud, want or failure, or illegality of consider-

ation, he will take it subject to the same equities as that party. (Story on Bills, Sec. 187.)  " On the other hand, the partial or " total failure of consideration, or even fraud between the an- " tecedent parties, will be no defence or bar to the title of a " *bona fide* holder of the bill, for a valuable consideration, at or " before it becomes due, without notice of any infirmity therein. " The same rule will apply, although the present holder has " such notice, if he yet derive a title to the bill, from a prior " *bona fide* holder for value." (Id. Sec. 188.)  Ordinarily, every holder is presumed to be, *prima facie*, a holder for value. (Id. 193.)

In the absence of proof to the contrary, the endorsement of a note, in presumption of law, is contemporaneous with the making of it, or, at all events, antecedent to its becoming due. If the defendant, therefore, would avail himself of the defence of want or failure of consideration, or payment to the original holder, it is incumbent upon him to show the endorsement to have been made subsequent to the time when the note became due. (8 Wend. R. 600.) But the present case does not rest on mere presumption. It was in proof that the note was transferred to Hill, the first assignee, before due. The defence set up, therefore, could not avail the defendant as against him. The plaintiff, though he purchased the note of Hill after due, and with notice of the defence, took it subject only to such defences as it was subject to in his hands. Consequently the alleged failure of consideration was no defence to the action upon the note by the plaintiff. The Court, therefore, erred in the charge to the jury, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.  .