## James Hollimon et al. v. F. A. Karger.

Decided December 3, 1902.

1.—Notes—Innocent Purchaser—Sale by, to Party with Notice.

Notice by the holder of a negotiable note of a want of consideration in its original making is no defense where such holder bought it from an innocent purchaser for value before its maturity.

2.—Same—Indorser After Maturity—Suit to First Term.

Where a note was indorsed after its maturity in consideration of an extension of time, a failure to bring suit at the first term thereafter would not release the indorser unless it be shown that such extension of time had then already expired; and in support of a judgment against such indorser it will be presumed that suit was not brought until after such extension had been given.

3.—Same—Surety—Execution Over.

A surety, whether indorser or guarantor, is entitled to have execution issued first against the principal, and also to have an execution in his own favor against the principal where he pays the debt for the principal.

Appeal from the District Court of Kerr County. Tried below before Hon. I. L. Martin.

*W. C. Linden,* for appellants.

*Lee Wallace* and *W. W. Burnett,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted in the justice court by appellee against appellants on the 9th day of July, 1901, upon a certain promissory note which is as follows:

"$131.46.                                KERRVILLE, Texas, Oct. 31, 1898.

"Six months after date I promise to pay to the order of D. C. Acosta one hundred and thirty-one 46-100 dollars at bank of Chas. Schreiner, Kerrville, Texas, for value received.

(Signed)      "JAMES HOLLIMON.
(Signed across back of note.)    "D. C. Acosta.
(Signed across back of note.)    "D. N. Wharton."

There are no written pleadings in the record on the part of appellee, the plaintiff below, and such pleadings being oral, it will be assumed that he plead such facts as he deemed necessary to support the judgment.

The appellant Hollimon plead non est factum, failure of consideration, and that plaintiff was not a bona fide holder, but took the note with notice that is was without consideration.

The appellant D. N. Wharton also plead that appellee was not a bona fide holder, and that he (Wharton) was an accommodation indorser long after the maturity of the note, when it was held by plaintiff, and that he was not liable in this action for the reason that his liability had not been fixed by protest, or by bringing suit within the time required by statute to fix the liability of an indorser. The case was tried by the court without a jury, and judgment rendered against appellants for the principal and interest due.

The court found (and the evidence sustains its findings) (1) that James Hollimon, on October 31, 1898, executed the note sued upon; (2) that the payee, D. C. Acosta, indorsed it in blank before maturity, and transferred it to Lee Mason, who became the owner and holder of it for a valuable consideration therefor without notice of any infirmity or vice in the same; (3) that Lee Mason, before its maturity, after receiving valuable consideration therefor from appellee, F. A. Karger, transferred it to him by delivery without notice of any vice or infirmity in the note; (4) that Wharton, after its maturity, on the last of June or the first of July, 1899, while appellee was the owner and holder, signed his name on the back of the note to make more sure its payment, with the understanding that Karger would give Hollimon further time to pay it. The court did not find how much time was given in consideration of Wharton's signing, but Wharton testified that Karger told him that if he would sign it to secure its payment, that he (Karger) would give them plenty of time to pay it in.

*Conclusions of Law.*—It is unnecessary for us to pass upon the question as to whether the trial court was correct in holding that the burden of proof was on the defendants to show that the plaintiff was not a bona

fide holder of the note for value, for, regardless ·of whom the burden was upon, the evidence fully establishes the findings of the trial court that Mason and appellee was each a bona fide holder, for a valuable consideration, of the note before maturity. Even if it were shown that appellee, when he purchased the note from Lee Mason, had knowledge of such infirmity or vice as would defeat an action on it by the payee, such knowledge would not defeat his right of action, because the evidence shows that Mason was a bona fide holder for value unaffected by such defenses. The power of Mason to transfer it to appellee with the same immunity which attached in his own hands was incident to his legal right, and necessary to sustain the character and value of the instrument as property, and to protect the bona fide holder in its enjoyment. Watson v. Flanagan, 14 Texas, 354; Daniel, Neg. Inst., sec. 803. Therefore there can, under the law and facts, be no doubt as to the right of appellee to recover against Hollimon as the maker of the note.

His right to maintain a judgment against Wharton presents a question fraught with some difficulty. If a third party put his name in blank upon the back of a negotiable promissory note made payable to another party, and to which he is a stranger, while the same remains in the hands of the maker he will be presumed, in the absence of controlling proof to the contrary, to have intended to have given the note credit and currency; and if the indorsement was at the time of the making of the note, he may be treated by the payee as an original promisor and joint maker. Cook v. Southwick, 9 Texas, 615; Carr v. Rowland, 14 Texas, 275; Hueske v. Broussard, 55 Texas, 206; Latham v. Houston Flour Mills, 68 Texas, 130. But in the case before us, Wharton's name appears on the back of the note after that of Acosta, the payee, and the evidence shows that it was written there after the note matured for its better security in consideration of an extension of time granted by the holder to Hollimon, the payer. In view of this it is apparent that he was not a maker of the note, and should not be so regarded. The trial court held that he was a guarantor, and that as such, the holder of the note was not required to fix his liability as an indorser by instituting suit against the maker at the first term of court after his right of action accrued. Under the peculiar facts of this case we are not prepared to say that the trial court was not correct in its holding, but it would seem from Heidenheimer v. Blumenkron, 56 Texas, 308, that he might be regarded as an indorser. If, however, he should be so regarded, we can not perceive how he can be relieved from his liability as such by appellee's failure to bring suit against the maker of the note at the first term after it became due; for the note was already due, as is shown by the evidence, when Wharton wrote his name on the back of it, and his very object in doing so was to get time for Hollimon to pay it; and, according to his own testimony, the understanding with appellee was that he and Hollimon should have plenty of time. If, then, Karger had sued the first term after the extension of time was thus obtained by Wharton, the latter could have plead the agreement

for such extension as the consideration which induced him to place his signature on the back of the note. It was for him to show that the appellee did not bring suit until the first term of court after the time expired granted by the extension. This he failed to do, and in favor of the judgment we will presume that the suit was not brought until or before appellants had been given plenty of time to pay the note.

Whether Wharton be considered a principal, indorser or guarantor, his relation to Hollimon is that of a surety, and entitled him to have execution issued first against his principal, and if not satisfied and he should pay off the judgment, he would be entitled to an execution against Hollimon for the amount paid; and the district court should have so decreed, which is now done by this court.

With this modification of the judgment, it is affirmed.

*Affirmed.*