## FERRELL–MICHAEL ABSTRACT & TI-
TLE CO. v. McCORMAC et al.
### (No. 106–2947.)

(Commission of Appeals of Texas, Section B.
Nov. 12, 1919.)

CHATTEL MORTGAGES ☞138(1)—SUPERIORITY
OF LIEN TO SUBSEQUENT LABORER'S LIEN.

An existing chattel mortgage lien is superior
to an after acquired and established laborer's
lien.

Error to Court of Civil Appeals of Second
Supreme Judicial District.

Action by Mrs. C. B. McCormac and oth-
ers against the Ferrell-Michael Abstract &
Title Company and others, in which R. L.
Davenport intervened, and to which George
Vaught and another were made parties de-
fendant. From judgment for plaintiffs and
the intervener, the named defendant and
the impleaded defendants appealed to the
Court of Civil Appeals, which affirmed in
part and reversed and rendered in part (184
S. W. 1081), and the named defendant brings
error. Judgment of the Court of Civil Ap-
peals and judgment of the trial court af-
firmed on recommendation of the Commis-
sion of Appeals.

Earl Conner and M. J. Smith, both of
Eastland, for plaintiff in error.

J. R. Stubblefield, of Eastland, for defend-
ants in error.

SADLER, J. The question involved in this
case is with reference to the priority of a la-
borer's lien arising subsequent to an existing
chattel mortgage lien, against certain prop-
erty owned by the plaintiff in error. Mrs.
C. B. McCormac, who held a note secured
by a chattel mortgage on the property, sought
to foreclose her lien in the district court.
George and Nora Vaught were made parties
on the allegation that they held the property,
or asserted a claim thereto, by virtue of a
judgment in the justice court establishing
an indebtedness for labor and a laborer's
lien against the property. They filed answer
disclaiming any interest in the property.
The facts out of which the judgment in the
justice court arose occurred subsequent to
fixing and recording the chattel mortgage se-
curing the indebtedness of Mrs. McCormac.
It appears that after the rendition of the
justice court judgment, R. L. Davenport
fixed a laborer's lien against the property.
Mrs. McCormac, acting in the view that the
laborer's lien takes precedence over a prior
chattel mortgage lien, endeavored to defeat
the effect of the justice court judgment by
showing that it was absolutely void.

For a full statement of the controversy,
we refer to the opinion by the Court of Civil
Appeals, 184 S. W. 1081.

Since the writ was granted in this case, in
an opinion by Justice Greenwood in Ameri-
can Type Founders Co. v. Nichols et al.
(Sup.) 214 S. W. 301, it has been held that an
existing mortgage lien is superior to an after
acquired and established laborer's lien. In
that case it is said:

"The effect of our decision is to subject to the
employé's lien the property created by or neces-
sarily connected with the performance of his
labor, as that property stood at the time of his
employment. But we decline, in the absence of
clear language requiring it, as have most of the
courts of last resort in the United States, to
extend the employé's lien so as to attach to, and

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

diminish or destroy, the interest or right of an innocent lienholder, which had vested prior to the employment, and of which the employé was chargeable with notice."

We think this question decisive of the instant case. Whether or not the judgment of the justice court is void is immaterial, and we express no opinion thereon.

In our view of the facts and pleadings, Mrs. McCormac is entitled to the recovery for her debt against J. M. Ferrell as principal and J. R. Stubblefield as surety, with a foreclosure of the chattel mortgage lien against the property described therein as to all parties to the litigation.

R. L. Davenport is entitled to recover his debt, with a foreclosure of his laborer's lien as to $60 thereof, such foreclosure, however, to be subject to the prior lien of Mrs. McCormac.

We, therefore, recommend that the judgment of the Court of Civil Appeals, and the judgment of the trial court be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as a judgment of the Supreme Court.