**McQUERRY v. GLENN et al.   (No. 11857.)** *

Court of Civil Appeals of Texas. Fort Worth.
Oct. 22, 1927.

Rehearing Denied Nov. 26, 1927.

Motion to File Second Motion for Rehearing Denied Dec. 10, 1927.

1. **Mechanics' liens** ⬠199—**Mortgages** ⬠151(3)—**Laborer's lien held inferior to title by foreclosing vendor's lien and mortgage without notice of plaintiff's claim.**

Defendant, who acquired an existing vendor's lien and a valid lien created by trust deed on lots upon which plaintiff constructed building, and thereafter acquired full title to buildings and lots by foreclosing liens, without notice of plaintiff's laborer's lien, is not liable to plaintiff on such lien.

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 29, 1928.

**2. Mechanics' liens** ⊜➂—**Right to lien for current wages for personal services is not given by Constitution, but by statute (Const. art. 16, § 37; Vernon's Sayles' Ann. Civ. St. 1914, art. 5621).**

Const. art. 16, § 37, giving mechanics, artisans, and materialmen a lien, does not cover current wages for personal services; the right to lien for latter being given by Vernon's Sayles' Ann. Civ. St. 1914, art. 5621.

**3. Bankruptcy** ⊜➂96(1)—**Sum due original contractor for construction of building is not exempt in bankruptcy (Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, 3788, 5632).**

Neither under the Constitution nor Vernon's Sayles' Ann. Civ. St. 1914, arts. 3785, 3788, 5632, are sums due an original contractor for the construction of a building exempt in bankruptcy.

On Motion for Rehearing.

**4. Mechanics' liens** ⊜➂99—**One acquiring vendor's liens in existence at time of performance of labor may enforce them, regardless of knowledge of laborer's claim of lien.**

Where vendor's liens acquired by defendant were in lawful existence at time of plaintiff's labor on building, defendant acquired right of his vendors to enforce such liens, regardless of whether or not he was notified or had knowledge of plaintiff's claim for labor.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by A. J. McQuerry against P. E. Glenn and others. From the judgment, plaintiff appeals. Affirmed.

J. W. Stitt, of Fort Worth, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellees.

CONNER, C. J. This suit was instituted in the Forty-Eighth judicial district court of Tarrant county by A. J. McQuerry against Porter E. Glenn, the Mid-Texas Petroleum Corporation, H. F. Spellman and W. A. Johnson, and W. D. Benson, receivers of the Mid-Texas Petroleum Corporation, to recover upon an itemized account for labor and material to be hereinafter set out, aggregating $1,080.85.

The record discloses that the trial below proceeded upon appellant's first amended original petition filed on May 28, 1926, the date of the filing of the original petition not appearing in the record. Appellant alleged, in substance, that on or about the 1st day of January, 1921, the defendant Glenn, for himself and for the Mid-Texas Petroleum Corporation, of which he was then president and manager, entered into a contract with plaintiff to furnish material and labor for the construction of a brick building, designed for offices, gasoline filling station, and for other purposes for the Mid-Texas Petroleum Corporation, to be located on lots 23 and 24, in

block 27, of North Fort Worth, Tex.; that said contracts, as made, were oral and covered the items in the account and statement hereinbefore referred to and attached as an exhibit to the petition. It was further alleged that Glenn and the Mid-Texas Petroleum Corporation contracted to pay plaintiff a daily wage of $8 for each and every day that plaintiff should labor in the erection and construction of said building, and pay him proportionately for any and all fractions of a day that he should so labor, and that for all laborers that plaintiff should employ to labor in said erection and construction they would pay plaintiff such sum or sums as he should contract with said laborers to pay them, and that for all material plaintiff should purchase or use in the erection and construction of said building, they would pay plaintiff the same amount that he should pay or contract to pay for such material, and that they would pay plaintiff any and all other expenses and outlay that he should make in the erection and construction of said building.

It was alleged that in compliance with said contract plaintiff himself labored and also furnished all labor and material required of him under the contract, for said building, for all of which plaintiff has been paid, "except those items set forth in said exhibit, which is here and now made a part of this petition." It was further alleged that while plaintiff's work was in progress, the defendant Mid-Texas Petroleum Corporation went into the hands of a receiver, and that his duties under the contract thereafter were performed under the direction of W. A. Johnson, who was the original receiver, but who was succeeded by W. D. Benson as receiver, defendants Glenn and said corporation agreeing to continue to carry out plaintiff's original contract; that plaintiff completed the work and other services under the contract on or about July 31, 1921, at which time there was then due him from all of defendants, except Spellman, the sum of $1,080.85, of which, however, he had been paid the sum of $216.17, leaving an unpaid balance of $864.68, for which the plaintiff sued.

It was further alleged that the plaintiff had and has good, valid, and subsisting "mechanic's, contractor's, materialman's, and laborer's liens upon said land and improvements jointly and severally; and that for the purpose of more fully complying with the law for such liens, plaintiff did, on or about the 19th day of August, 1921, and within 30 days after his said work and other services were completed under said contracts, file for record with the county clerk of Tarrant county, Tex., his affidavit and an itemized statement and account of his services, which remain unpaid, * * * a substantial copy of said affidavit and account being

hereto attached and marked as an exhibit, and made a part of this petition." It was further alleged that defendant Spellman was claiming some sort of interest in the land and improvements, which, as charged, was inferior to the plaintiff's lien, and Spellman was accordingly made a party defendant to the suit.

The exhibit referred to in the plaintiff's petition consists of plaintiff's affidavit, to the effect that the subjoined account for "labor performed and furnished and expenses incurred· by him to and for the Mid-Texas Petroleum Corporation and its receiver W. A. Johnson under contract with said Mid-Texas Petroleum Corporation, and under contract with said receiver for the use and benefit of said corporation," was true and correct; that the labor performed and furnished and expenses incurred for said corporation and receiver were at the times mentioned in the account, and affiant claimed a lien therefor on said lots 23 and 24 in block 27. The subjoined account is as follows:

Pay Roll Disbursement of:
A. J. McQuerry, Fort Worth. Job No. from July 1 to 31, 1921.
Name of Employee

| Name | days | | hrs | | per day | | Amount |
|---|---|---|---|---|---|---|---|
| A. J. McQuerry | 19 days | | | at 8.00 | per day | | $152.00 |
| W. A. Day | 18 | " | | " 8 | " | | 144.00 |
| J. E. Allen | 18 | " | | " 8 | " | | 144.00 |
| Joe Slaughter | 4 | " | 7 hrs. | " 8 | " | | 31.00 |
| W. J. Dussett | 6 | " | | " 8 | " | | 48.00 |
| W. H. Spears | | | 4 hrs. | " 8 | " | | 4.00 |
| A. C. Crawford | | | 4 " | " 8 | " | | 4.00 |
| McCubbine | | | 4 " | " 8 | " | | 4.00 |
| C. Love | 2 | " | 4 " | " 3.50 | " | | 8.75 |
| J. T. Tinsley | 2 | " | 4 " | " 3.50 | " | | 8.75 |
| Ice 3.25 | | | | | | | 3.25 |
| Blacksmithing .25 | | | | | | | .25 |
| Glue .85 | | | | | | | .85 |
| Pd. Plasterer, acct. 35.00 | | | | | | | 35.00 |

From February 1 to June 19, 1921 .......... 587.85
A. J. McQuerry 61 days 5 hrs. at 8.00 per day .......... 493.00
                                          _____
        Total                             $1,080.85

The defendants Glenn and the Mid-Texas Petroleum Corporation made no appearance, but defendant Spellman appeared and answered by general and special demurrers, a general denial, and specially to the effect that on July 14, 1921, the plaintiff had made application to be adjudged a bankrupt in the United States District Court, and on July 20th was adjudged a bankrupt on his petition; that at the time the plaintiff filed his petition in bankruptcy and at the time he made application for discharge, which was in September, 1921, he listed and surrendered all of his property and assets to the trustee in bankruptcy.; that the trustee had no knowledge of appellant's omission of the claim asserted in this suit, which had been fraudulently and intentionally withheld from the trustee, by reason of which it was pleaded plaintiff could not recover. Spellman further pleaded that on September 18, 1920, P. E. Glenn purchased certain property, including the lots

in controversy, from one J. B. Googins, and as a part of the purchase price executed two notes, each in the sum of $5,000, said notes retaining a vendor's lien on the property. conveyed; that thereafter Spellman purchased said notes from Googins, paying therefor the sum of $11,400, and he thereby became the owner of the notes, together with the liens upon the lots in controversy. In addition thereto, Spellman pleaded: That he was the owner of five·notes aggregating $33,-972.36, which was secured by a lien against lots 19 to 30 in said block 27, which liens were at all times duly recorded and valid and subsisting. That Glenn was adjudged a bankrupt in the United States District Court, with B. K. Isaacs as trustee, and that Isaacs filed suit against .appellee for title to lots 19 to 30, in block 27, aforesaid, and that thereafter a final hearing was had and a judgment was entered vesting title in appellee to said lots mentioned. That under the terms of said judgment appellee paid approximately $8,000 to trustee Isaacs and thereby became vested with the title of said lots free of all lien. That the plaintiff knew that said Glenn's estate was being administered in the bankruptcy court and failed and refused to file his claim against Glenn, and permitted the same to become stale. That appellee had purchased the property from said trustee under a judgment of said court for value without notice of appellant's pretended claim. Defendant further pleaded that the affidavit filed by the plaintiff in his attempt to fix the lien was wholly insufficient to fix any character of lien upon the property, in that it was not filed within the 30 days' time as prescribed by law, it appearing that plaintiff was a day laborer, and it was charged that appellee was estopped to assert a lien of any kind against the property in controversy. Spellman further pleaded the statute of two years' limitation in bar of plaintiff's right.

In reply the plaintiff by his first supplemental petition pleaded that if he "did go into bankruptcy and failed to list said claim, that same was current wages and earned by appellant, and exempt to him in bankruptcy," and that if it should have been placed therein, its omission was "unintentional on plaintiff's part." Plaintiff further denied that the defendant Spellman was without notice ·of his claim.

The case was tried before a jury, and at the close of all testimony the court instructed the jury to return a verdict in favor of the plaintiff against the Mid-Texas Petroleum Corporation and P. E. Glenn, in the sum of $1,139.-33, and return a verdict in favor of appellee Spellman denying plaintiff any lien. The jury so returned its verdict, and judgment was entered in accordance therewith, and the plaintiff McQuerry has prosecuted this appeal.

[1] The record in this case, including the

statement of facts, is somewhat confusing in detailing the various proceedings which relate to the character of work done by the appellant and the things done and omitted in the proceedings in bankruptcy of plaintiff and of Glenn and of the Mid-Texas Petroleum Corporation; but we have examined carefully the entire record and have concluded that without discussion of the subjects suggested, the appellee Spellman acquired a valid vendor's lien securing the several notes given by Glenn in the purchase of the lots upon which the building was constructed, and later also further acquired a valid lien created by a trust deed executed by the Mid-Texas Petroleum Corporation, and that through judicial proceedings, the regularity of which is not questioned, foreclosed such liens and thus acquired full title to the building and lots upon which it was situated without notice of appellant's claim. The appellee Spellman so testified without contradiction, and the appellant McQuerry testified that he never spoke or wrote to Mr. Spellman about the claim. So that, as it appears to us, whatever merit there may be in appellant's claim, he is precluded from a recovery as against appellee Spellman. It was distinctly held, by our Commission of Appeals in the case of Ferrell-Michael Abstract & Title Co. v. McCormac, 215 S. W. 559, that an existing chattel mortgage lien is superior to an after-acquired and established laborer's lien.

[2] Indeed, it is to be gravely doubted, we think, whether the evidence before us shows that appellant ever fixed a lien as required by law. The account attached as an exhibit to plaintiff's petition, and which appellant testified was correct, apparently shows that the services performed were those of his own and other day laborers, no material going into the construction of the building being charged for. The Constitution (article 16, § 37) giving "mechanics, artisans and materialmen of every class" a lien does not cover "current wages for personal services." The right to a lien for current wages for personal services is given by statute. See V. S. Civ. Statutes, art. 5621. But to fix the statutory lien for labor done as indicated by the account declared upon, the person seeking to obtain the benefits of this law is required to file his or their contract in the office of the county clerk in the county in which such property is situated within 30 days after the indebtedness shall have accrued, and "cause the same to be recorded in a book kept by the county clerk for that purpose," provided that if the day laborer have no written contract he may file an itemized account of his claim, supported by affidavit showing that the account is just, correct, etc.

[3] Article 5632, V. S. Civ. Statutes, requires that every person except the original contractor or builder or those claiming under article 5623 "shall give at least ten days'

notice in writing before the filing of the lien" to the owner or owners, or agent, or either of them, that he holds a claim against such house, building, or improvement, setting forth the amount and from whom the same is due. It will be noted that to the account made an exhibit to the petition there appears no certificate of the county clerk that it had ever been filed with him. Appellant testified, in substance, that he had filed the claim, but he failed to give the date at which it was done, and there is nothing in the evidence that suggests that he gave notice of his claim to any one, much less to appellee Spellman. Appellant, however, apparently insisted that he was an original contractor, and therefore under the Constitution was entitled to a lien, regardless of the statutory requirement; but if we should adopt that construction of his evidence, it would appear that he is precluded, in part at least, by his failure to list his claim in his own bankrupt proceedings and in those of Glenn and the Mid-Texas Petroleum Corporation. See Perkins v. Alexander (Tex. Civ. App.) 209 S. W. 789; First Nat. Bank v. Lasater, 196 U. S. 115, 25 S. Ct. 206, 49 L. Ed. 408. It is urged, however, that the claim is exempt and therefore unnecessary to list it with the trustee in bankruptcy. But to this it must be said that neither the Constitution nor our statutes on exemption exempts sums due an original contractor for the construction of a building. See V. S. Statutes, arts. 3785 and 3788; Rev. Statutes of 1925, arts. 3832 and 3835. We do not feel prepared to hold that appellant is entitled to the benefit of an original contractor's relation to the subject-matter and at the same time accord to him the benefit of exemption of current wages for personal services. Before dismissing the subject of appellant's right, we will further note that it is not clear that his claim was not barred by the two years' statute of limitation pleaded by appellee. As noted in the beginning, the amended petition upon which the trial proceeded was filed on May 28, 1926, there being no statement of the date upon which the original petition was filed as required by the rule; nor does the date of the filing of the original petition otherwise appear in the record. Payment for his services was alleged to have been due at least as early as the date upon which he verified the account, a copy of which was attached as an exhibit to his petition. This was on the 19th day of August, 1921, some four years or more prior to the date of the filing of his first amended original petition. On appeal, the burden is upon appellant to show error, and in the state of the record we are not able to say that the court below may not have based his peremptory instruction upon the ground that plaintiff's action was at all events barred by the two years' statute of limitation.

We finally conclude that the judgment in

appellees' favor must be affirmed, the judgment in favor of appellant against Porter Glenn and the Mid-Texas Petroleum Company being left undisturbed; and it will be so ordered.

## On Motion for Rehearing.

Among other things, appellant complains of the statements in our original opinion, to the effect that the record failed to disclose the date upon which the original petition was filed, and failed to disclose the alleged fact that the account for labor was filed with the county clerk. In the motion for rehearing, it is pointed out that appellant in his testimony stated that his suit was filed on June 5, 1923, and hence that the suggestion in our opinion that the court below may have founded his judgment on the theory that appellant's claim was barred by the two years' statute of limitation had no support in the evidence, and also that appellant stated in his evidence that his account for labor was filed with the clerk on the 19th day of August, 1921, and hence was not objectionable in any sense on the ground that it was not properly filed as suggested in our opinion.

[4] As to these several objections, we wish to say that neither in appellant's first amended original petition filed by him, nor in the briefs of counsel, nor in the judgment, or other parts of the record ordinarily looked to, did the facts so testified to by appellant appear, and we do not understand it to be incumbent upon us, under such circumstances, to examine with care the oral testimony of witnesses in the search for facts that ought otherwise to appear. However, the foregoing is merely stated as explanatory of the objections indicated, for we do not regard the questions as material. In other words, it may be admitted, and for the purpose of what we now say it will be admitted, that plaintiff's suit was instituted on the date he testified, and that he in fact filed his account for labor with the clerk, as he also testified, but the record discloses that Glenn acquired the lots from one J. B. Googins by deed dated September 18, 1920, Glenn giving in part payment, among others, one note for $5,000, which by Glenn was later assigned to Spellman, and upon which, so far as we can determine from the record, Spellman sought to foreclose the vendor's lien securing the note. The record further discloses that Glenn later, to wit, on the 22d day of August, 1921, assigned to Spellman certain notes antedating appellant's labor, secured by lien upon the building in question given by the Mid-Tex Petroleum Company to Glenn, and upon which, as we also infer, Spellman sought and obtained a foreclosure in the bankrupt proceedings of Glenn. It thus appears that these liens so acquired by Spellman were created prior to the time of appellant's engagement to labor upon the building; that such liens were in lawful existence and of vital force at the time of appellant's labor. These facts being true, and there being no contention that the transfers to Spellman were without sufficient consideration or that the original holders were not entitled to enforce them, it follows that Spellman, upon his acquisition of the liens, acquired the right of his vendors to enforce them, regardless of whether or not he (Spellman) was notified, or had knowledge, of appellant's claim. See Herman v. Gunter, 83 Tex. 66, 18 S. W. 428, 29 Am. St. Rep. 632; Watson v. Flanagan, 14 Tex. 354; Hollimon v. Karger, 30 Tex. Civ. App. 558, 71 S. W. 299; Daniels on Negotiable Instruments, vol. 1, § 803; 3 R. C. L. p. 1036, § 242; 8 Corpus Juris, 466.

Other questions presented in the motion for rehearing we think are sufficiently disposed of in our original opinion.

The motion for rehearing will accordingly be overruled.