**ANGLIN et al. v. CISCO MORTGAGE LOAN CO.**

No. 1802.

Court of Civil Appeals of Texas. Eastland.

May 27, 1938.

Rehearing Denied June 23, 1938.

Turner, Seaberry & Springer, of Eastland, for plaintiffs in error.

Butts & Wright, of Cisco, for defendant in error.

FUNDERBURK, Justice.

Cisco Mortgage Loan Company, a corporation, transferee from Cisco Banking Company of nine promissory notes, dated October 23, 1931, given by W. W. Anglin to D. M. Anglin, and by the latter indorsed and transferred to Cisco Banking Company on the same day, brought this suit against the maker, W. W. Anglin, to recover the amount due upon said notes. The notes recited a vendor's lien on a 95 acre tract of land, foreclosure of 'which lien was also sought. Phillips Petroleum Company was made a defendant, no question being presented upon this appeal regarding it. Joe B. Anglin and Nellie Anglin (a feme sole) intervened, making common cause with defendant W. W. Anglin, and for convenience said interveners, with the original defendant, will hereinafter be referred to as defendants. Defendants alleged, in effect, that the land was the homestead of D. M. Anglin and wife; that D. M. Anglin was indebted to Cisco Banking Company in several various amounts; that for the purpose of better securing such indebtedness the liquidating officers of said bank procured said D. M. Anglin to execute a deed to his son, W. W. Anglin, purporting to convey said land, reciting said notes and lien, and that the notes signed by said W. W. Anglin were purportedly transferred to said bank; that such transaction was a fictitious and simulated sale of the land and void as creating a lien; that D. M. Anglin and wife have since died, leaving defendants as their heirs. Cancellation of the deed and notes was prayed.

In a jury trial the judge peremptorily instructed a verdict for the plaintiff, and from a judgment rendered thereon the defendants have prosecuted writ of error to this court.

Plaintiffs-in-error will be referred to as defendants, and defendant-in-error as plaintiff.

Defendants' first-proposition includes, as an essential element thereof, the assertion that the plaintiff, as a matter of law, under the facts proved was not a holder of the notes in due course. In support of such statement it is pointed out that the notes were not indorsed by Cisco Banking Company when they were transferred to plaintiff; and one of the notes, and per-

haps some interest on others, was past due when so transferred.

It may be conceded that had D. M. Anglin transferred the notes directly to plaintiff, at the time, in the manner and under the circumstances that they were transferred by Cisco Banking Company to plaintiff, the plaintiff would not have been a holder in due course. The notes were on the same day they were executed indorsed by the payee, D. M. Anglin, and transferred by him by separate writing to the Cisco Banking Company, the latter being on the face of the transaction a holder in due course. If so, the facts relied upon to show that plaintiff was not a holder in due course failed to so show. "The rule as to who is a bona fide holder is subject to an exception where the holder takes from a bona fide holder, in which case he occupies the same position as his transferor, notwithstanding the subsequent holder has actual notice of defenses, was a purchaser after maturity, or is not a purchaser for value." 8 C.J. 466, sec. 685; Watson v. Flanagan, 14 Tex. 354; Herman v. Gunter, 83 Tex. 66, 18 S.W. 428, 29 Am.St.Rep. 632; Hollimon v. Karger, 30 Tex.Civ.App. 558, 71 S.W. 299; Masterson v. Ross, Tex.Civ.App., 152 S.W. 1156; McQuerry v. Glenn, Tex.Civ.App., 1 S.W.2d 339. We, therefore, overrule defendants' first proposition, and pass to consider the question whether the evidence raised an issue of fact that Cisco Banking Company was a holder in due course.

A just appraisal of the evidence warrants the conclusion, we think, that there was no evidence to show that Cisco Banking Company knew that the deed from D. M. Anglin and wife to W. W. Anglin was not intended by the grantors and grantee to effect a change of ownership of the land, as on its face it purported to do. In the absence of this essential fact, a number of facts averred are disproved, or are of no importance. For instance, the averment that W. W. Anglin received no consideration for the execution of the notes is disproved by the deed showing that as consideration for the notes he received a conveyance of the land. That he did not see the deed is of no importance, as he could very well have made his father his agent to file the deed for record, as was done. He did know of the execution of the deed, because that information was given by the notes which he signed. There was no evidence to support the allegation that "The officers of the Cisco Banking Company conceived the notion of securing a purported lien upon the land * * * by having D. M. Anglin and wife execute a pretended and simulated conveyance thereof", etc. The only evidence upon that point was to the effect that D. M. Anglin sometime before stated that it would probably be necessary for him to sell his home to pay his debts. Even if the bank had urged that he do so, that would have been within its rights. The evidence shows that the prior indebtedness of D. M. Anglin to the bank was paid by the notes in suit and the surrender of the evidences thereof. The notes in suit were valid obligations of W. W. Anglin, even if the transaction was intended as a mortgage. A debt is an essential concomitant of a mortgage, and since the notes in suit paid the prior debts there could be no question of W. W. Anglin's liability on the notes, even if the purported lien was void. Williamson v. Diltz, Tex.Civ.App.; 101 S.W. 2d 833. The fact that the land had been the homestead of D. M. Anglin and that they were living on it when the deed was executed was no evidence that the deed was not intended as a genuine transfer of ownership. The bank knew of the deed. It was through the agency of the bank that it was filed for record. Such knowledge of the deed was an explanation of the possession of the land by D. M. Anglin, entirely consistent with the bona fides of the sale thereof to W. W. Anglin, Eylar v. Eylar, 60 Tex. 315; Cooper v. Ford, 29 Tex.Civ.App. 253, 69 S.W. 487; Love v. Breedlove, 75 Tex. 649, 13 S.W. 222; Hurt v. Cooper, 63 Tex. 362; National Bond & Mortgage Co. v. Davis, Tex.Com.App., 60 S.W.2d 429; Ramirez v. Smith, 94 Tex. 184, 59 S.W. 258. The uncertain and fragmentary scraps of testimony which are urged as sufficient to raise an issue of fact could, it seems to us, have no significance except perhaps upon the view that it is illegal and presumably wrongful for the owner of a homestead to sell it for the sole purpose of paying his debts. We agree with what was evidently the view of the learned trial judge, that there was no evidence of any probative effect to raise an issue that the deed and notes were not what they purported to be.

W. W. Anglin was, by plaintiff, called as a witness to identify two letters written by him to an officer of plaintiff. Defendants then sought to question him concerning

transactions with, or statements by, D. M. Anglin, deceased. The testimony, upon objection, was excluded as being incompetent under the provisions of R.S.1925, Art. 3716. It is urged that the testimony was admissible because the witness had been called to testify by the opposite party within an exception provided in said statute.

■ The disqualification of a witness declared by said statute is special and limited according to the provisions of the statute. A party calling an opposite party as a witness who otherwise would be disqualified under the statute if interrogated upon the subject matter of the statute does not waive the statutory disqualification unless he seeks to elicit from the witness testimony as to a transaction with, or statement by, the deceased. The testimony which plaintiff elicited from defendant W. W. Anglin related to a transaction between plaintiff and said defendant only, and, clearly, we think, there was no waiver of the disqualification otherwise assumed to exist. Austin v. Rupe, Tex.Civ.App., 141 S.W. 547; Huggins v. Myers, Tex.Civ. App., 30 S.W.2d 565; Salvini v. Salvini, Tex.Civ.App., 2 S.W.2d 963; Himes v. Himes, Tex.Civ.App., 55 S.W.2d 181.

The notes in suit were mailed to W. W. Anglin for his signature and return. Accompanying same was a brief memorandum from his father, D. M. Anglin. After accounting for the non-production of this memorandum or direction, defendants' attorneys asked W. W. Anglin, as a witness, to state the contents thereof. Objection was made on the ground that such testimony was "irrelevant, immaterial, hearsay, not shown that this plaintiff had any knowledge of its kind or character." The court in excluding it said: "I am going to hold that this witness cannot testify as to any conversation he held with the deceased, notwithstanding the fact he had been called to the stand by the plaintiff and testified as herein." It is urged in defendants' final proposition that the court erred in excluding the testimony "it being possible under the law to waive the disqualification of a witness under the Dead Man's Statute by failure to object on that specific ground."

We doubt if it should be held that plaintiff so waived the Dead Man's Statute as to render the action of the court erroneous in excluding the testimony, even if the testimony was subject to no other objection. Had the court merely overruled the objection and admitted the testimony, plaintiff perhaps would have waived any error in such action by its failure to specify the particular ground of objection. The court had previously ruled, in response to plaintiff's objection, that the witness was not entitled to testify to transactions with or statements by the deceased, and it would, therefore, appear that the court merely construed the particular testimony as being of that character and subject to his previous ruling.

We are also of the opinion that the testimony was properly excluded on the objection that it was hearsay, and even if it had been admitted it could have had no probative effect upon the essential issue involved. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

Upon the whole, it is our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.