## UNITED STATES v. DOBBINS et al.

### No. 10602.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1943.

Rehearing Denied Jan. 28, 1944.

Paul A. Sweeney, Atty., Department of Justice, of Washington, D. C., and Fred Hull, Asst. U.S. Atty., of Beaumont, Tex., for appellant.

Geo. M. Hopkins, of Denton, Tex., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

United States brought suit to recover on a promissory note. On a hearing the court below, without a jury, found the issue in favor of defendants.

The important facts are without dispute. Prior to the 17th day of October, 1935, the Madison Paint Company, acting through its salesman Brown went to the home of defendants, R. M. Dobbins and wife, in Denton County, Texas, and entered into a contract to sell them certain roofing material and paint to be used on their dwelling and barn, and represented such material to be first-class roofing material and paint, and agreed to apply

such roofing material. On the same day and later, the son of Brown called at defendants' home as they were about to leave for town and told them that his father had made a mistake and it would be necessary for them to have more material. They told him they were about to leave for town and had to get there before the stores closed, and they did not have time to attend to it. He told them all that was necessary was to sign their names to a blank note; they signed it and went on to town. Neither the date, the date of maturity, nor the amount of the note was filled in at the time it was signed by defendants. Someone acting for the Madison Paint Company thereafter filled in the blanks and created the note sued on here. The dates of maturity as inserted in the note were different from the dates of maturity that had been agreed upon in the original contract; the Madison Paint Company furnished certain roofing material and paint and applied the roofing material and defendants applied the paint. The material was defective, was not first-class material, and did not stop the leaks in the roof as it was guaranteed to do; the note was filled in after it had been signed by defendants, was dated October 17, 1935, payable to the Madison Paint Company, Cleveland, Ohio, in the sum of $120.83, bearing interest; the note was transferred to the Federal Housing Administration, United States of America on April 8, 1937; this suit was filed on the 15th day of August 1940, more than four years after maturity of the last maturing installment of the note; Maude Dobbins was a married woman on the 17th day of October 1935, and continuously since; the note in question was endorsed and transferred by Madison Paint Company to the Housing Credit Corporation for value and in the regular course of business on November 11, 1935; the Housing Credit Corporation was an approved lending institution under the terms of the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq., the note was an insured obligation under the provisions of Title I, Section 2, of the National Housing Act and was endorsed and transferred by the Housing Credit Corporation to the Federal Housing Administrator, acting on behalf of the United States pursuant to the provisions of the Act on April 8, 1937; the United States is the legal owner and holder of the note; the United States paid the Housing Credit Corporation the sum of $136.40 for the note and no payment has been made thereon, which represents the amount of the roofing and paint which was purchased and delivered.

Decision must turn on (1) whether the claim of the United States is or can be barred by the statute of limitations; (2) whether there was material alteration of the note, and if so, whether such alteration made the note unenforceable in the hands of a person not a party to the alteration, who derives his title from a holder in due course; and (3) whether the defense of failure of consideration is available in an action on a note brought by a third party who derives his title from a holder in due course.

The court below, upon the issues presented, entered judgment for defendants. The plaintiff appeals.

■ The United States is not subject to the statute of limitations in this suit to collect on the note in controversy. The fact that the statute of limitations had commenced to run before the United States acquired the note does not change the rule which rests upon public policy of protecting the revenues and property of the United States. Person v. United States, 8 Cir., 112 F.2d 1; United States v. First National Bank of Prague, 10 Cir., 124 F.2d 484; United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Nashville, C. & St. L. R. Co., 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; United States v. Summerlin, Ancillary Administratrix, 310 U.S. 414, 60 S.Ct. 1019, 84 L. Ed. 1283; Davis, Director of Railroads, as agent of the United States, v. Corona Coal Co., 265 U.S. 219, 44 S.Ct. 552, 68 L.Ed. 987; Guaranty Trust Co. v. United States, 304 U.S. 126, 132, 58 S.Ct. 785, 82 L.Ed. 1224; United States v. Thomas, 5 Cir., 107 F.2d 765.

■ The United States paid value for the note, purchased it in due course and without notice. The equities of defendants may not prevail as against an innocent purchaser for value. Scotland County v. Hill, 132 U.S. 107, 10 S.Ct. 26, 33 L.Ed. 261; Cromwell v. Sac County, 96 U.S. 51, 24 L.Ed. 681; Section 58 of the Uniform Negotiable Instruments Law, Article 5935, Section 58 of Vernon's Revised Civil Statutes; United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283; Brannon, The Negotiable Instruments Law (6th Ed.) p. 707; Herman v. Gunter, 83 Tex. 66, 18 S.W. 428, 29 Am.St.Rep. 632;

Masterson v. Ross, Tex.Civ.App., 152 S.W. 1156.

The only change in the note complained of was that of the due date; otherwise it was in all respects correct. An instrument delivered with blanks not filled in is valid and effectual for all purposes in the hands of an innocent holder in due course, even though such blanks were not filled in accordance with instructions. United States v. Novsam Realty Corporation, 2 Cir., 125 F.2d 456; United States v. Hansett, 2 Cir., 120 F.2d 121; Glasscock v. First National Bank, 114 Tex. 207, 266 S.W. 393, 396, 36 A.L.R. 320; Curlee Clothing Company v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677; Hollimon v. Karger, 30 Tex.Civ.App. 558, 71 S.W. 299.

The court erred in rendering a judgment for defendants. The judgment is reversed and the cause remanded for further proceedings in conformity herewith.

Reversed and remanded.